UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY W. SWINDLE, JR.
TRACY A. SWINDLE as administrators
of the Estate of MORGAN TAYLOR SWINDLE

CIVIL ACTION

VERSUS

NO. 06-837-JJB

LIVINGSTON PARISH SCHOOL BOARD;
RANDY POPE,
SUPERINTENDENT OF LIVINGSTON PARISH SCHOOL BOARD;
CECIL PICARD,
LOUISIANA DEPARTMENT OF EDUCATION
STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION

## RULING ON MOTION FOR LEAVE TO FILE SUPPLEMENT TO RECORD

Plaintiffs, Bobby W. Swindle, Jr. and Tracy A. Swindle, as administrators of the estate of Morgan Taylor Swindle (the "Swindles"), bring a motion for leave to file supplements to the record.[1] Defendants oppose plaintiff's motion.[2] Plaintiff has filed a reply.[3] Oral argument with respect to this motion is not necessary. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331 *et. seq.*

## Background

On December 9, 2008, this Court found that plaintiff failed to state any constitutional violations upon which a §1983 claim could be based, granted

---

[1] Doc. 250.
[2] Doc. 253 (Memorandum in Opposition submitted by Randy Pope); Doc. 254 (Memorandum in Opposition submitted by Livingston Parish School Board); Doc. 256 (Memorandum in Opposition submitted by State Defendants).
[3] Doc. 258.

1

defendants' motions for summary judgment,[4] and dismissed plaintiff's complaint.[5] Judgment was then entered in favor of the defendants on December 10, 2008.[6] Thereafter, plaintiffs filed a notice of appeal and the district court record was electronically certified to the United States Fifth Circuit Court of Appeals on December 17, 2008.[7] On February 10, 2009, plaintiffs brought this motion for leave to supplement the record.

## **Analysis**

In support of their motion, plaintiffs cite Federal Rule of Civil Procedure 15, which states that a district court "should freely give leave when justice so requires" to amend pleadings.[8] Plaintiffs argue that the record on appeal must be "supplemented to contain the entire exhibit cited to in briefs by the Plaintiffs" and state that they "noticed for the first time during briefing of the appeal of this matter that the exhibits used in opposition to summary judgment are incomplete."[9] Plaintiffs assert that "pursuant to FRCP 15(a) leave should be freely granted to allow supplementation of the exhibits."[10] While plaintiffs may be correct that the Fifth Circuit has "pursued 'a course of strong liberality…in allowing amendments,'"[11] this liberality refers to an amendment of pleadings during the proceedings before the district court. Plaintiff's reliance of F.R.C.P. 15

---

[4] Defendants' Motions for Summary Judgment, docs. 223, 224, and 225.
[5] Ruling, doc. 245.
[6] Judgment, doc. 246.
[7] Notice of Appeal, doc. 247.
[8] F.R.C.P. 15(a)(2).
[9] Memorandum in Support of Motion for Leave, doc. 250-3.
[10] Memorandum in Support of Motion for Leave, doc. 250-3.
[11] Mineral Indus. & Heavy Constr. Group v. Occupational Safety and Health Review Comm'n, 639 F.2d 1289, 1292 (5th Cir. 1981) (quoting United States v. Stephen Brothers Line, 384 F.2d 118, 124-125 (5th Cir. 1967)).

for supplementation of the record upon appeal is therefore misplaced. Instead, and as defendants point out, the applicable rule is Federal Rule of Appellate Procedure 10(e), which addresses the correction or modification of the record on appeal.

F.R.A.P. 10(e) allows correction or modification of the record when the record fails to truly disclose what occurred in the district court or when "anything material to either party is omitted from or misstated in the record by error or accident."[12] Rule 10(e) exists in order to ensure that the record considered by the court of appeals accurately reflects what actually happened at the district court level[13] and "'to correct omissions from- or misstatements in- the record on appeal, not to introduce new evidence in the court of appeals.'"[14] As one court admonished when denying a motion for modification of the record on appeal: "This Court does not allow parties who inadvertently neglected to file documents before the district court to add those documents to the record on appeal."[15] Further, review of a district court's award of summary judgment "is confined to an examination of materials before the [district] court at the time the ruling was made."[16]

---

[12] F.R.A.P. 10(e)(1) & (2).

[13] U.S. v. Page, 661 F.2d 1080, 1082 (5th Cir. 1981) ("'Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not.'") (quoting U.S. v. Smith, 493 F.2d 906 (5th Cir. 1974)).

[14] Robinson v. Sanctuary Record Groups, LTD., 589 F.Supp.2d 273, 275 (S.D.N.Y. 2008). The court went on to state: "Documents that were not part of the official record when the district court made the ruling under review 'may not now become part of the record on appeal'" *Id*. (citing Miro v. Plumbers & Pipefitters Nat'l Pension Fund, 2002 WL 31357702, *2 (S.D.N.Y. October 17, 2002)).

[15] Robinson v. Sanctuary Record Groups, LTD., 589 F.Supp.2d 273, 275 (S.D.N.Y. 2008).

[16] Nissho-Iwai American Corp. v. Line, 845 F.2d 1300, 1307 (5th Cir. 1988).

The Swindles argue that the supplemental evidence they now seek to introduce was "offered as evidence, cited to without objection, [but] because of some unknown technical error, [the evidence was] not fully placed into the electronic record of this matter."[17] The Swindles assert that supplementation is necessary to correct these "glitches."[18] The Swindles list fifteen exhibits that they would like to supplement. In many instances, the Swindles wish to add pages from depositions cited to in their oppositions to defendants' motions for summary judgment but not included in their original submission of exhibits.[19] In other cases, plaintiffs seek to supplement the record by adding excerpts from depositions that were, as far as this Court can tell, never cited to in plaintiffs' original opposition memoranda.[20] Even stranger, plaintiffs now seek to introduce the expert report of James Taylor as exhibit "AB" despite the fact that they originally submitted exhibit "AB" as an excerpt from Patricia Merrick's deposition. Although plaintiffs did cite in their oppositions to defendants' motions for summary judgment some of the pages they now seek to introduce into the record, this Court did not rely on any of that evidence when reaching the conclusion as to the motions for summary judgment. We find that the Swindles' request to supplement the record is actually a request to add new materials on appeal that were never considered by this Court. Plaintiffs have not established

---

[17] Reply memorandum, doc. 258.
[18] Reply memorandum, doc. 258.
[19] For example, plaintiffs wish to supplement Paulette Foster's deposition by adding pages 16-22. These pages were cited by plaintiff in opposition memoranda but not included in the original electronic submission of exhibits.
[20] *See* plaintiff's proposed supplements to Exhibit E, H, and L in which pages not cited in plaintiff's opposition memoranda are nevertheless included in plaintiff's new supplemental exhibits.

that the record certified to the Fifth Circuit inaccurately reflects what actually happened on the district court level or that there is a need to correct an error or omission in the record.

## Conclusion

Considering the above analysis, this Court DENIES plaintiff's Motion for Leave to File Supplement to Record (doc. 250).

Signed in Baton Rouge, Louisiana, on February 20, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**