UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SWINDLE ET AL.

VERSUS

LIVINGSTON PARISH SCHOOL
BOARD ET AL.

CIVIL ACTION

NO. 06-837-JJB

## RULING ON PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CRIMINAL RECORDS

This matter is before this Court on Plaintiff's motion (Doc. 336) to exclude "any mention of any drug or alcohol use or treatment, any criminal record, and any mention to any conviction, arrest, or any criminal prosecution or charges or any mention of any alcohol or drug use at any time other than the October 31, 2005[1], incident related to Ms. Morgan Swindle or of any witness on the Plaintiff's witness list." (Doc. 336 at 1). Additionally, Plaintiff moves this Court to exclude any reference that Mr. Bobby Swindle's death was by suicide. (Doc. 336). The Defendant has filed an opposition (Doc. 349), to which the Plaintiff has filed a reply. (Doc. 356). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Plaintiff incorrectly identifies the date of the incident leading to her expulsion. The correct date is October 28, 2005.

1

I.

As a threshold matter, the Court finds that any evidence that Mr. Bobby Swindle's death was by suicide should be excluded. The Defendant did not raise any objections to the exclusion of this evidence in its opposition, and the Court finds that this evidence would serve no useful purpose. Thus, this evidence will be excluded.

With respect to evidence relating to criminal activity[2] and/or drug and alcohol use or treatment, the Court finds that this evidence will not serve any purpose other than to distract the jury from the issue before the Court, which is whether the Plaintiff was given procedural due process. Although the Plaintiff did not provide specific examples of what evidence she seeks to exclude, the Defendant in its opposition provided that research has shown that the Plaintiff has two (2) convictions for "operating a vehicle while intoxicated," filed on October 4, 2011 and November 29, 2011, and two (2) shoplifting charges filed on June 11, 2010. (Doc. 349). The Defendant argues that the shoplifting charges should be admissible because it is "probative as to the honesty/dishonesty of the witness." (Doc. 349 at 2). Additionally, the Defendant points out that during the June 22, 2012 deposition of the Plaintiff, defense counsel asked the Plaintiff if she had received any tickets. (Doc. 349). Plaintiff's counsel objected on the

---

[2] When the Court refers to "criminal activity," this is meant to encompass the entirety of what the Plaintiff seeks to exclude.

grounds of relevance and stated it "can't possibly lead to discoverable information." (Doc. 349-1 at 15). Defendant argues that counsel objected knowing that there "was potential for a motion *in limine* concerning the very information to which she objected and refused to allow to be discovered." (Doc. 349 at 3).

II.

Federal Rule of Evidence 609 governs impeachment by evidence of a criminal conviction. As a threshold matter, any evidence relating to arrests or prosecutions is inadmissible. Federal Rule of Evidence 609(a)(1)(A) provides that "for a crime that . . . was punishable . . . by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). Federal Rule of Evidence 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court does not find evidence of DWI convictions relevant to the issue, and moreover, finds that this evidence would result in unfair prejudice, confusion of the issues, and misleading the jury. Thus, any evidence concerning the DWI convictions shall be excluded.

3

Case 3:06-cv-00837-JJB-SCR   Document 357   10/30/12   Page 3 of 4

Rule 609(a)(2) provides that evidence of a criminal conviction "for any crime regardless of the punishment . . . must be admitted if . . .establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The Defendant has provided this Court with evidence of Plaintiff's arrest and charges for shoplifting. The Plaintiff argues that there was no conviction for this arrest. (Doc. 356). In the absence of any evidence that this arrest lead to conviction, the Court cannot allow this evidence to be used for impeachment purposes.

Moreover, there is no indication that this evidence is relevant to the issue in the present matter, which is whether Morgan Swindle was afforded procedural due process.

III.

Accordingly, the Plaintiff's Motion to Exclude (Doc. 336) is GRANTED.

Signed in Baton Rouge, Louisiana on October 29th, 2012.

_____
JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIAINA

4

Case 3:06-cv-00837-JJB-SCR   Document 357   10/30/12   Page 4 of 4